[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13571
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2011
JOHN LEY
CLERK

Agency No. A088-159-995

FEDERICO OCHOA-MONCADA,
ANA ISABEL RESTREPO-RAMIREZ,
VALERIA OCHOA-RESTREPO,
LUCAS OCHOA-RESTREPO,
MARIA ANTONIA OCHOA-RESTREPO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 6, 2011)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Citizens and nationals of Colombia, Federico Ochoa-Moncada, Ana Isabel Restrepo, and their three children petition *pro se* for review of the order of the Board of Immigration Appeals ("BIA") denying their motion, under 8 C.F.R. § 1003.2(a) and (c), to reopen their removal proceedings. Although conceding that their motion to reopen was untimely, the petitioners argue that they received ineffective assistance of counsel during their removal hearing, that the 90-day filing deadline should have been equitably tolled, and that the case should be reopened to allow Restrepo to testify in support of her own asylum application and to establish her own credibility.

We review the denial of a motion to reopen for an abuse of discretion. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006). This review "is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Id.* (citations omitted). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

An alien may file one motion to reopen in removal proceedings before the BIA. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(a),(c). A motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is

2

granted, and shall be supported by affidavits or other evidentiary material." 8

U.S.C. § 1229a(c)(7)(B). Further, "[a] motion to reopen shall be filed within 90

days of the date of entry of a final administrative order of removal." 8 U.S.C. §

1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This 90-day requirement is "mandatory

and jurisdictional, and, therefore, it is not subject to equitable tolling." *Abdi v. U.S.*

*Att'y Gen.*, 430 F.3d 1148, 1150 (11th Cir. 2005).

The petitioners moved to reopen their removal proceedings on June 4, 2010,

more than 90 days after the BIA's January 22, 2009 order affirming the IJ's denial

of all relief. Because the petitioners concede that the motion was untimely, and

because the 90-day deadline is not subject to equitable tolling, the BIA did not

abuse its discretion by denying the motion to reopen. Because the BIA did not

abuse its discretion by denying the motion to reopen, we deny the petition for

review.

**PETITION DENIED IN PART, DISMISSED[1] IN PART.**

---

[1] We lack jurisdiction to review the BIA's discretionary refusal to *sua sponte* reopen the proceedings under 8 C.F.R. § 1003.2(a). *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1292-94 (11th Cir. 2008). Accordingly, to the extent that the petitioners challenge the BIA's purely discretionary refusal to reopen the proceedings, we dismiss the petition for lack of jurisdiction.